IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK E. WATERS, | : | 1:10-cv-1403 |
|     Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PNC FINANCIAL SERVICES GROUP, | : | |
| INC. and GAIL D. DAMPMAN | : | |
|     Defendants. | : | |

## **MEMORANDUM**

### **October 20, 2011**

Before the Court is the Amended Report and Recommendation ("R&R") of Magistrate Judge Mildred E. Methvin filed on August 9, 2011 (Doc. 34), that recommends we grant the Defendants' Motion for Summary Judgment (Doc. 21) in its entirety and dismiss the Plaintiff's complaint. Objections to the R&R were filed by Plaintiff Mark E. Waters ("Plaintiff" or "Waters") on August 21, 2011 (Doc. 35). Accordingly, this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted in its entirety, the Defendants' Motion for Summary Judgment shall be granted, and this case shall be closed.

I.  **STANDARDS OF REVIEW**

    A.  **Objection to Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

    B.  **Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the

non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II.   DISCUSSION

On July 8, 2010 Plaintiff, a former business banker employed by PNC Financial Services Group, Inc. ("PNC"), filed this action against Defendants PNC and Gail D. Dampman ("Dampman"), an employee relations investigator also employed by PNC. The three-count complaint includes allegations of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to 2000e-17, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. §§ 951-963, and disparate treatment in violation of 42 U.S.C. § 1981. Plaintiff is African-American.

The facts that form the basis of this action are essentially undisputed. Because Magistrate Judge Methvin undertook a painstaking recitation of the undisputed facts within her R&R, we shall not endeavor to recite them herein but

instead shall refer the reader to pages 3 to 6 of the R&R for that summary. In short, the Plaintiff alleges that he was terminated from his position of employment with PNC based upon his race. The Defendants contend that there is no evidence that the termination was racially motivated, but that the termination was the result of a legitimate investigation concluding that the Plaintiff improperly attempted to influence a coworker in violation of PNC's code of ethics.

### A. Racial Discrimination Claims - Counts I and II

Magistrate Judge Methvin recommends that the Defendants' Motion for Summary Judgment be granted on two alternative grounds: (1) the Plaintiff has failed to state a *prima facie* case for racial discrimination under Title VII and the PHRA, and (2) even if the Plaintiff had stated a *prima facie* case, the Defendants have adequately rebutted the presumption of discrimination with legitimate, non-discriminatory reasons explaining the Plaintiff's termination, and the Plaintiff has not produced any evidence tending to show Defendants' reasons were pretext.[1] In his objections, Plaintiff does not dispute the facts or the law relied upon by Magistrate Judge Methvin. Instead, Plaintiff disagrees with Magistrate Methvin's recommendations by rearguing the evidence already presented in the record.

---

[1] See page 9 of the R&R for a summary of the *McDonnell Douglas Corp. v. Green* burden-shifting analysis applied to racial discrimination claims. 411 U.S. 792 (1973).

The Magistrate Judge properly required the Plaintiff to prove, as an element of his *prima facie* case, that his discharge occurred under circumstances giving rise to the inference of discrimination. Plaintiff's complaint alleges that PNC did not investigate similarly situated white individuals who had given gifts to coworkers or committed other ethics violations, but, as noted by the Magistrate Judge, the Plaintiff has not submitted any documentation to support this claim. Conversely, the Defendants submitted a table showing a total of 496 terminations resulting from breaches of the ethics code during 2008 and 2009. Of the 496 terminations, 223 individuals were Caucasian, 152 individuals were African American, 79 individuals were Hispanic, and 24 individuals were Asian. Perhaps aware that he has failed to provide more than mere conclusory assertions of disparate treatment to support his claims, the Plaintiff now suggests that he be permitted to reopen the discovery period and conduct an additional deposition.  However, Plaintiff was afforded more than sufficient time and latitude to conduct discovery in this matter. His attempt at a piece-meal, hail-Mary approach to discovery following the filing of dispositive motions shall not be condoned by this Court.  Therefore, we agree with Magistrate Judge Methvin that the Plaintiff has failed to state a *prima facie* case for racial discrimination.

Furthermore, the Magistrate Judge properly concluded that the Defendants

adequately rebutted any presumption of discrimination by stating a legitimate reason for termination and that the Plaintiff failed to produce evidence tending to show that the stated reason was a mere pretext. The Defendants assert that the Plaintiff was terminated for a violation of PNC's code of ethics which prohibits an employee from attempting to improperly influence another employee. The Defendants submit that the Plaintiff, in the midst of a dispute regarding a referral commission, gave the referring coworker a blank envelope containing $75 cash.

In his objections, Plaintiff contends that insufficient weight was given to his argument that the $75 was a mere holiday gift to his coworker, not an attempt to influence his coworker in violation of the code of ethics. However, the issue before the court is not whether the Plaintiff did or did not violate PNC's code of ethics; the issue is whether the Plaintiff is able to rebut the explanation for termination offered by the Defendants. In evaluating whether or not the Plaintiff has met his burden, it is insufficient to show that the employer's decision was wrong or mistaken. The Plaintiff must instead "demonstrate such weaknesses, implausibilities, inconsistences, incoherencies, or contradictions in the employer's proffered legitimate reasons . . . that a reasonable factfinder could rationally find them unworthy of credence. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). The record undisputably discloses that the coworker was uncomfortable receiving a

cash gift in the context of the commission dispute with the Plaintiff, and Defendants acted on this information after an internal investigation. We therefore agree with the Magistrate Judge that the Plaintiff has failed to demonstrate that the legitimate reason for termination offered by the Defendants was a mere pretext.

    **B.    Disparate Treatment Claim - Count III**

Magistrate Judge Methvin further recommends that summary judgment be granted as to the Plaintiff's disparate treatment claim under 42 U.S.C. § 1981 on grounds identical to those set forth in section A *supra*. As she correctly noted, "the substantive elements of a section 1981 claim are nearly identical to the elements of a Title VII employment discrimination claim, and courts in the Third Circuit generally evaluate both claims under the same test." *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267 (3d Cir. 2010) (quoting *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009)). The Plaintiff has not objected to this analysis. Therefore, we agree with the Magistrate Judge that summary judgment is appropriate as to the Plaintiff's claim for disparate treatment.

## III.    CONCLUSION

Accordingly, based on the foregoing, the Plaintiff's objections to the R&R shall be overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.